## STEVENSON'S ADM'R v. PHILLIPS EX'R OF DEHART.

1. If an executor's account rendered in the Orphans' Court appear on the face of it to be a final account it will be deemed such, although not so styled in the caption.

2. A final account .cannot be opened by Orphans' Court without proof of *fraud or mistake;* or to review a matter in the discretion of the court as the allowance or division of commissions.

3. An account cannot be opened by a third person on the allegation of fraud or mistake for the purpose of readjusting commissions between executors.

4. A *Certiorari* will not lie to remove an order of the Orphans' Court dividing commissions to have the same reviewed on its merits. But if the Orphans' Court open a final account illegally for the purpose of readjusting the commissions, such illegal order may be removed, and the whole subsequent proceedings set aside.

5. It is improper on opening an account for fraud or mistake, to enter the order by mutilating the original account or decree.

On *Certiorari* to Hunterdon Orphans' Court.

The accounts of James Stevenson and Simeon W. Phillips, executors, &c. of John Dehart, deceased, were filed for settlement in the Orphans' Court of the county of Hunterdon, but prior to their being arranged and allowed, Stevenson died, and the account was passed in the name of Phillips as surviving executor, at the term of August ·1843. At the next January term, upon application on behalf of "the Orthodox Board of the Presbyterian Church for the education of pious youth," &c., and by the assent of Phillips the accountant, due notice being acknowledged by him, the Orphans' Court ordered "said account to be opened and set aside for fraud and mistake," and by the assent of the parties the hearing of the said matters was had before the Court.

John C. Bellerjeau was then examined as a witness in relation to the amount of duties performed by the respective executors, and the fair amount of compensation which should be allowed to each of them ; and the Court after hearing the counsel for Phillips and for Stevenson's administrators decreed the "allowance and confirmation of the account in all things, as reported to the Court, except so far as relates to the commissions to be

allowed to each executor, allowing to the estate of Stevenson $230.73, and to Phillips the balance of the entire five per cent. allowed on the account."

In the original account they were allowed and arranged in the body of the account thus : " to the estate of Stevenson the sum of $465.65, and to Phillips the sum of $573.31." The decree of the Court is carried out by changing the respective sums in the original account, without re-statement, and made to stand thus, for Stevenson's estate $230.70, and for Phillips $808.23.

*Hamilton*, for plaintiff.

*W. Halsted*, for defendant.

Opinion of Court by RANDOLPH, J. On the argument two questions were raised by the defendant in *Certiorari*. 1st. That the account is not final—and 2d. That a *Certiorari* does not lie in the Orphans' Court on a mere matter of adjusting the amount or proportion of commissions.

1st. The account certainly does not upon its face express in so many words to be a final settlement, although from inspection it is manifest that it is such. Thus the whole amount of the inventory and of real estate sold is charged, and the estate is all disbursed, without praying allowance for any part as unsettled, except for a " balance of $88.40 in accountant's hands, *to be distributed according to law.*" The caption and the account itself is drawn according to the form in *Griffith's Treatise*, p. 231–5, and I think that it is not usual to add the word final in the caption unless there has been a preceding settlement. So far as regards the present controversy the account is no doubt final, and that is sufficient to sustain the *Certiorari* on this point. *State v. Hanford*, 6 *Halst.* 73 ; *Johnson* v. *Eike*, 7 *do.* 316–17.

2d. As to the second point, there is no doubt that a *Certiorari* will not be sustained for the mere purpose of readjusting the amount or the proportion of commissions, that matter lying within the discretion of the Orphans' Court *Mathis' Ex'r* v. *Mathis and al.*, 3 *Harr.* 63. But although this court will not look into that subject, and the readjustment may have been called for in strict justice to the parties in this case, yet in order

to do that, the Orphans' Court had no right to open a final set-
tlement, especially where an account is stated, as this is, speci-
fying in the body of the account the respective amounts to be
allowed to each, and decreeing that "the same be allowed in all
things as stated by the surrogate." Had the account contained
a mere general allowance of commissions, and a subsequent
independent order been made, apportioning them, there would
have been no necessity for opening the account, nor could the
court for that cause have opened the account; but in this case, as
the account was stated, the alteration could not have been made
without opening the account, this being by statute *Rev. L.* 787
"conclusive upon all parties," except for assets, or money
coming to the hands of the accountant afterwards, or where a
"party applying for a re-settlement shall prove some fraud or
mistake therein." Here a third person interested in the matter
gives notice of fraud and mistake, and the defendant consenting,
the court orders the account to be opened without proof, and then
after hearing evidence on the subject of commissions only, order
the commissions to be reapportioned, and the account thus altered
to be finally passed. The *Certiorari* is brought to set aside the
order opening the account, and for that purpose I think it is
well brought, and must be sustained. 7 *Halst.* 316; 4 *Harr.* 83.
The order was not correctly obtained; there was no proof as
the statute requires, and the consent of the party interested can-
not supply the place of evidence—nor was there such proof after
the account was opened of "fraud or mistake" as would author-
ize the opening of the account for re-settlement. The mistake
must be one of fact or law, not a mere error in the judgment
of the court on a point resting in their discretion. Nor was it
proper thus to procure the account to be opened for the readjust-
ment of commissions in the name of a third person, who it seems
had no interest whatever in the question.

The order therefore opening the account was illegal and void
and must be set aside, and of course the whole subsequent pro-
ceedings go with it, leaving the account as it was originally al-
lowed by the Orphan's Court.

The mode of entering the order of the Orphan's Court by

mutilating the original account adopted in this case is very improper. (a)

Note (a).—Vide *Hyer's Adm'x* v. *Morehouse* &c.   *Spencer's Rep. p.* 125 accord.